## MORRIS v. DAYTON.

(Supreme Court, Appellate Term.  January 2, 1903.)

1. LEASES—SURRENDER AND ACCEPTANCE OF PREMISES—EVIDENCE.
　　Evidence merely that the lessee of offices, on demand from the lessor to pay rent or surrender up possession, moved out his effects, and gave the keys to the janitor of the building, is insufficient to support a finding of surrender and acceptance of premises; the lessee having an undertenant, and it not appearing whether he continued in occupancy, and the janitor having no authority to accept a surrender for the landlord, and it not appearing that the lessor or his agent knew the premises were vacated, or that the keys were delivered to them.

Appeal from City Court of New York.

Action by Cora Morris against Harold C. Dayton.  From a judgment on a verdict for plaintiff for less than asked, and from an order denying a motion for a new trial, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Wentworth, Lowenstein & Stern, for appellant.
Joseph E. Bullen, for respondent.

GREENBAUM, J.   The action was brought to recover rent of the offices occupied by the defendant in the plaintiff's building under a written lease to May 1, 1902, and an extension thereof, dated December 31, 1901, for a term ending May 1, 1903; the annual rental being $500.   The rent for the months of January, February, March, April, May, and June, 1902, is here sought to be recovered.   It appears that on April 17th the plaintiff, or her authorized agent, caused a notice to be served on the defendant by which he was "required to pay on or before the expiration of three days from the day of the service of this notice" $125, the rent then due for February, March, and April, "or surrender up the possession of the said premises to the landlord." This notice was served preliminary to the institution of summary proceedings under the statute to recover possession, and so stated. Upon the trial it was proved that the defendant moved out his effects from the premises within three days after receipt of the notice, and gave the keys to the janitor of the building.   Upon cross-examination is was made to appear that the defendant had an undertenant, and that he did not know whether he remained in occupancy after the defendant's removal, or not.   The uncontradicted proof was that the janitor had no authority to accept a surrender on behalf of the landlord.   Upon this evidence, the case was submitted to the jury to determine whether there was a surrender of the premises in April, 1902, whereupon a verdict was rendered for the plaintiff for $125; being three months' rent, to May 1, 1902.

Without passing upon the legal effect of the statutory notice to "pay" or "surrender," it is plain that, to constitute a surrender to the landlord pursuant to such notice, it is incumbent upon the tenant to do some act which will establish that he in fact did surrender the premises to the landlord within the time specified in the notice, and in compliance therewith.   In the case under review there is no proof that the undertenant of the defendant had vacated the premises, that the landlord or his authorized agent knew that the premises were vacated, or that, having vacated the premises, the key was delivered to the landlord, or his agent authorized to receive it.   Under these circumstances, there was no question to be submitted to the jury, and there was no evidence to support the finding of the jury that there was a "surrender and acceptance" of the premises.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.